**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Francisco LARRANAGA,
Defendant-Appellant.**

**No. 78–1522.**

United States Court of Appeals,
Tenth Circuit.

Argued July 19, 1979.

Decided Jan. 18, 1980.

David N. Williams, Asst. U. S. Atty., Albuquerque, N. M. (R. E. Thompson, U. S. Atty. and Alison K. Schuler, Asst. U. S. Atty., Albuquerque, N. M., on brief), for plaintiff-appellee.

Ray M. Vargas, Albuquerque, N. M., for defendant-appellant.

Before McWILLIAMS, DOYLE and McKAY, Circuit Judges.

McWILLIAMS, Circuit Judge.

Francisco Larranaga was convicted by a jury on two counts charging respectively unlawful receipt and possession of a firearm by a felon. Specifically, under count one Larranaga was convicted of knowingly receiving a .38 calibre revolver which had theretofore been shipped and transported in interstate commerce, he (Larranaga) being a person who had previously been convicted of a crime punishable by imprisonment for more than one year, in violation of 18 U.S.C. §§ 922(h)(1) and 924(a). Under count two Larranaga was convicted of knowingly possessing the same .38 calibre revolver in violation of 18 U.S.C. App. § 1202(a). As to each conviction Larranaga was placed on probation for five years, and in connection with the first count Larranaga was ordered to pay the United States the sum of $1,000 as a special condition of probation.* Larranaga now appeals.

On appeal Larranaga raises two points: (1) His conviction on count two, charging a violation of 18 U.S.C. App. § 1202(a), is barred by the double jeopardy doctrine; (2) his pardon by the Governor of the State of New Mexico precludes a conviction under count one, charging a violation of 18 U.S.C. § 922(h)(1). Neither of these matters has merit and we therefore affirm.

---

* The fact that Larranaga was placed on concurrent probationary periods of five years on each of the two counts does not rule out the possibility that at some future date his probation might be revoked on both counts and he would be sentenced on each count, with the sentences thus imposed to be served consecutively. Thus we cannot at this time say with finality and certainty that Larranaga has received concurrent sentences. It is for this reason that we address the double jeopardy argument on its merits.

18 U.S.C. § 922(h)(1) proscribes the *receipt* by a felon of a firearm theretofore shipped in interstate commerce. 18 U.S.C. App. § 1202(a), insofar as it pertains to the instant case, proscribes the *possession* by a felon of a firearm which has been transported in interstate commerce. Larranaga's argument is that both statutes proscribe the same conduct, and that his conviction on count one bars a conviction on count two. We do not agree.

We disagree with Larranaga's premise that the act of receiving is synonymous with the act of possessing. We believe such to be separate and distinct acts, though often closely related. 18 U.S.C. § 922(h)(1) proscribes only the receipt by a felon of a firearm transported in interstate commerce. 18 U.S.C. App. § 1202(a) was a last-minute amendment to the Omnibus Crime Control Act and its purpose, *inter alia*, was to proscribe mere possession by a felon of a firearm transported in interstate commerce. This amendment was intended by Congress to complement 18 U.S.C. § 922(h)(1). *Scarborough v. United States*, 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977). Clearly, then, Congress felt that 18 U.S.C. § 922(h)(1) and 18 U.S.C. App. § 1202(a), insofar as the latter statute pertains to possession, proscribed *different* acts and not the same act. Receipt and possession of a firearm are not synonymous. *United States v. Fikes*, 373 F.Supp. 1052 (E.D.Mich.1974), affirmed without published opinion, *U. S. v. Fikes*, 510 F.2d 973 (6th Cir. 1975).

The jury was properly instructed that each of the two counts in the indictment charged a separate offense, and the essential elements of each were carefully spelled out. A reading of those instructions indicates quite clearly that the jury was fully instructed concerning the difference between receipt and possession. The essential elements of each offense are not the same. For example, on a charge of receipt of an interstate firearm by a felon, the act of receiving of course must be shown, but what happens after such receipt is immaterial. Conversely, in a charge of possession,

the Government need not show how the possessor received, or acquired, the firearm. The provisions of 18 U.S.C. § 922(h)(1) and 18 U.S.C. App. § 1202(a), insofar as the latter statute relates to "possession," proscribe different conduct, not the same conduct. As concerns these two statutes, the Supreme Court has held that "Congress intended to enact two independent gun control statutes, each fully enforceable on its own terms." *United States v. Batchelder*, 442 U.S. 114 at 119, 99 S.Ct. 2198 at 2201, 60 L.Ed.2d 755 (1979). In sum, the doctrine of double jeopardy does not preclude a conviction under the provisions of both 18 U.S.C. § 922(h)(1) and 18 U.S.C. App. § 1202(a).

Larranaga was convicted of assault with a deadly weapon in the District Court of Santa Fe County, New Mexico in 1962, and in 1963 he was convicted of manslaughter and being an habitual offender, also in the District Court of Santa Fe County, New Mexico. Each offense carries punishment of confinement in excess of one year. At trial, evidence of the manslaughter conviction was introduced. However, on May 6, 1977, Larranaga had received a Certificate of Pardon from the Governor of New Mexico. Based on such pardon, Larranaga argues that he was not a felon on the date of the offenses here charged, namely, October 8, 1977.

18 U.S.C. App. § 1203 provides that the prohibitions set forth in 18 U.S.C. App. § 1202(a) do not apply to any person who has been pardoned by the chief executive of a state, providing that such person "has expressly been authorized by  .  .  . such chief executive  .  .  . to receive, possess, or transport in commerce a firearm." Such authorization was not contained in the pardon given Larranaga. Accordingly, counsel does not even argue that Larranaga's conviction under 18 U.S.C. App. § 1202(a) is in anywise affected by his pardon. 18 U.S.C. App. § 1203 precludes such. Hence, the pardon argument is directed only to Larranaga's conviction under 18 U.S.C. § 922(h)(1). However, this argument, as it relates to 18 U.S.C. § 922(h)(1), is equally unavailing.

■ Article V, section 6 of the New Mexico Constitution provides that the Governor shall have the power to pardon, "Subject to such regulations as may be prescribed by law." By statute, a person convicted of a felony loses the right to vote and to hold office by virtue of such conviction. The statute also provides that such disability can only be removed by the Governor. N.M.Stat.Ann. § 40A–29–14. By the pardon here involved, the Governor, under the statute, only removed the disabilities previously imposed on Larranaga by the State of New Mexico, namely, the right to vote and to hold office. The Governor by the pardon here granted did not remove the disability imposed by federal statute on a convicted felon, namely, the disability of not being allowed to receive a firearm involved in interstate commerce.

Judgment affirmed.

McKAY, Circuit Judge, concurring in the result:

Since Larranaga was sentenced to concurrent probationary periods, I believe that, under the authority of *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1975), we have no double jeopardy problem before us. However, because the majority's analysis would apply even had Larranaga been sentenced to consecutive terms of imprisonment, I feel compelled to express my disagreement with that analysis.

The government's proof establishes only that Larranaga, a convicted felon, was handed a gun which had been in interstate commerce. These facts form the basis for Larranaga's convictions for receipt under 18 U.S.C. §§ 922(h)(1) and 924(a) and for possession under 18 U.S.C. App. § 1202(a). The majority sustains both convictions against a double jeopardy challenge because it finds a theoretical distinction between receipt and possession.

Indeed, there are circumstances where this theoretical distinction becomes important—for instance, where the government can prove the defendant held the gun illegally but not where or how he obtained it. But a theoretical distinction of law does not preclude double jeopardy when there is no accompanying distinction of fact. The Supreme Court has instructed:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

*Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). *See also Brown v. Ohio*, 432 U.S. 161, 166, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Ianelli v. United States*, 420 U.S. 770, 785 n.17, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975). Recently, in *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), the Supreme Court elaborated on this test in terms directly applicable to this appeal: "Cases in which the Government is able to prove violations of two separate criminal statutes with precisely the same factual showing . . . raise the prospect of double jeopardy . . . ." *Id.* at 11, 98 S.Ct. at 912. This language makes it clear that the majority's finding that §§ 922 and 1202 are separate statutes is immaterial.[1] It is not the independence of the statutes but the difference in the facts that is decisive.

Because the facts offered to prove receipt in this case are the same as those which support the conviction for possession, double jeopardy would have arisen had different sentences been imposed. *See Robbins v. United States*, 476 F.2d 26, 32 (10th Cir. 1973).

---

1. The majority relies on the reasoning and language of *United States v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979). In *Batchelder* the Court held not only that §§ 922 and 1202 are separate statutes, but also that a prosecutor has discretion to *choose* between them. The Court implied that a prosecutor may not apply them both, as was done here. *Id.* at 2204. Although the Court was discussing the prosecutorial choice necessarily involved when receipt can be charged under either statute, the *Batchelder* implication clearly extends to the instant case—where the facts to show receipt and possession are identical.