UNITED STATES of America, Appellee,

v.

Sherman Dewey BURTON, Appellant.

No. 79–6405.

United States Court of Appeals, Fourth Circuit.

Argued May 9, 1980.

Decided Sept. 15, 1980.

Lewis F. Powell, III, Richmond, Va., for appellant.

Jean B. Weld, Asst. U. S. Atty. and E. Montgomery Tucker, First U. S. Atty., Roanoke, Va., on brief, for appellee.

Before HAYNSWORTH, Chief Judge, FIELD, Senior Circuit Judge, and PHILLIPS, Circuit Judge.

HAYNSWORTH, Chief Judge:

Consecutive sentences were imposed upon Burton, a previously convicted felon, upon convictions of receipt of a firearm in violation of 18 U.S.C.A. § 922(h)(1) and possession of the same firearm in violation of 18 U.S.C.A.App. § 1202(a). In the circumstances of this case, we find no congressional authorization for the imposition of consecutive sentences and conclude that the motion for a reduction of sentence under Rule 35 F.R.Cr.P. should have been granted.

### I.

In 1958 Burton was convicted of burglary in a state court and was sentenced to imprisonment. In December 1976 he purchased a gun, falsely swearing that he had not been convicted of a felony. After conviction of the unlawful purchase of that weapon under § 922(h)(1) and of its possession in violation of § 1202(a), he was sentenced to terms of four and two years, respectively, to run consecutively, for a total of six years. These two sentences were made to run consecutively to a recently imposed sentence of ten years for armed bank robbery, so that he had an aggregate sentence of sixteen years to serve.

### II.

The United States moved for summary affirmance and objects to our reaching the merits.

First it says that the question was previously adjudicated by the court in Burton's direct appeals from his convictions on the armed bank robbery charge and these firearm convictions. Burton was then undertaking to represent himself, filing briefs aggregating some one hundred sixty–seven pages. In one paragraph and in a footnote, he contended that his conviction of both

receipt and possession of the firearm was in violation of his right against double jeopardy. Those appeals were handled by a screening panel which found no merit in any of Burton's contentions and did not find the double jeopardy claim worthy of mention. In those briefs, of course, he did not mention the matter of statutory construction which has been raised in this appeal by appointed counsel and which we find persuasive. The particular claim was not presented in Burton's direct appeal, and we decline to hold that its consideration is foreclosed by our earlier decision embodied in an unpublished opinion.

■ Secondly, the United States suggests mootness because Burton was released on parole in February 1980. When this action was filed, however, he was in actual confinement in prison. While his parole term would not ordinarily expire before 1992, he was actually released with a five–year term of special parole after which he would be released from further supervision, provided his parole status is not revoked in the meanwhile. He will be under supervision until February 1985. Should there be any violation of the terms of parole before then, he would be threatened with the necessity of serving the entire remainder of the sixteen–year sentences. The possibility that he may be required to serve the full sixteen years will remain until he successfully completes all of the special parole term. That continuing possibility avoids the suggested mootness, for the sentences still have collateral consequences.

### III.

■ Burton was charged with receipt of the gun at the time of its purchase by him and of its possession, from the moment of purchase, during the period of approximately two months before his arrest. At the moment of receipt he also possessed the gun, but that is not to say the two offenses are identical, for proof of a felon's possession of a gun may not be proof of its unlawful initial receipt, but there are a number of statutes in which the Congress has proscribed separately defined offenses without intending to authorize pyramiding penalties. The bank robbery statute, 18 U.S.C.A. § 2113, is one. *See United States v. Atkins*, 558 F.2d 133 (3d Cir. 1977). So are these complementary statutes proscribing the receipt and possession of firearms by felons.

There is little guidance in the legislative history. Section 1202(a) was a hastily drafted floor amendment passed "with little discussion, no hearings and no report." *United States v. Bass*, 404 U.S. 336, 344, 92 S.Ct. 515, 520, 30 L.Ed.2d 488 (1971). The definitions of the felonies within the reach of the two statutes are not identical, so that one might be within the reach of one but not the other. Though the statutes are not co–extensive, *see United States v. Batchelder*, 442 U.S. 114, 119 n.5, 99 S.Ct. 2198, 2201, n.5 (1979), they are in the main duplicative in their reach of a class of felons, and Burton is indisputably within the definition of each statute. There is also a slight variation in the definition of the commerce clause component. *See Scarborough v. United States*, 431 U.S. 563, 571–75, 97 S.Ct. 1963, 1967–69, 52 L.Ed.2d 582 (1977). The variation is only slight, however, and the extent to which the two statutes overlap with respect to the commerce requirement is marked. These slight variations are readily explainable if the drafter of the floor amendment which became § 1202(a) did not have the language of § 922(h)(1) immediately before him. It seems rather obvious, however, despite the slight differences in language, that each statute was enacted with the same general congressional intention. Convicted felons, particularly those who have been convicted of violent crimes, constitute a greater threat to society if armed than if they were not. While one section proscribes only the receipt of such a weapon, it was a felon's possession and control of it which constituted the threat to society which the Congress intended to proscribe. Proscription of receipt is a proscription of possession.

Aside from the apparent identity of congressional intention, we have no further congressional guidance as to whether

cumulative sentences were contemplated or authorized. In our resolution of the question, however, we are aided by the rule of lenity. *See Rewis v. United States*, 401 U.S. 808, 812, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971). *See also United States v. Bass*, supra, 404 U.S. at 347–49, 92 S.Ct. at 522.

■ Other federal firearm statutes have been similarly interpreted as not authorizing the cumulation or pyramiding of sentences. *See United States v. McDaniel*, 550 F.2d 214 (5th Cir. 1977), in which consecutive sentences were imposed upon the defendant upon his conviction of possession of an unregistered shotgun in violation of 26 U.S.C.A. § 5861(d) and of the interstate transportation of the same gun in violation of 26 U.S.C.A. § 5861(j). He had transported the unregistered shotgun from one state to another in a truck. The Court of Appeals held that consecutive sentences were impermissible. So also, consecutive sentences for illegally making and illegally possessing an unregistered gun in violation of 26 U.S.C.A. § 5861(f) and § 5861(d) are impermissible where the defendant's possession is incidental to and arises from his having made the weapon. *United States v. Kaplan*, 588 F.2d 71 (4th Cir. 1978); *United States v. Kalama*, 549 F.2d 594 (9th Cir. 1976); *United States v. Clements*, 471 F.2d 1253, 1254 (9th Cir. 1972).

Accordingly, we hold that where, as here, one's unlawful possession of a firearm in violation of § 1202(a) is incidental to his unlawful receipt of the same gun in violation of § 922(h)(1), cumulative punishment is not authorized.

Since we have concluded that the imposition of consecutive sentences was impermissible, Burton's motion under Rule 35 to correct the sentences should have been granted, and the two sentences should have been made to run concurrently. We reverse the denial of the Rule 35 motion and remand with instructions to modify the sentences so as to make them run concurrently.

*REVERSED AND REMANDED.*