UNITED STATES of America

v.

**Marvin Lee SQUARE.**

**Crim.No. 80–00111–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

June 12, 1981.

---

N. George Metcalf, Asst. U. S. Atty., Richmond, Va., for plaintiff.

Steven D. Benjamin, Richmond, Va., for defendant.

## MEMORANDUM AND ORDER

WARRINER, District Judge:

This case comes before the Court on the defendant's separate Motions to Dismiss the Indictment. The defendant claims in one Motion to Dismiss that the indictment constitutes a violation of his Fifth Amendment Right against double jeopardy. In the other Motion to Dismiss, the defendant argues that the indictment must be quashed because his Sixth Amendment right to a speedy trial has been violated.

The Motion to Dismiss based on the Sixth Amendment ground is without merit. Accordingly, the Motion to Dismiss on this ground is DENIED.

As to the Motion to Dismiss on the double jeopardy ground, the facts alleged by the prosecution in the indictment may be briefly recounted. On 15 December 1980, the defendant was indicted under two counts alleging, first, that sometime between 13 August 1980 and 13 September 1980, he received a firearm that had been shipped in interstate commerce after he had been convicted of a felony, in violation of 18 U.S.C. § 922(h)(1), and, second, that on 13 September 1980 the defendant, after he had been convicted of a felony, possessed the same firearm that had been shipped in interstate commerce, in violation of 18 U.S.C. App. § 1202(a)(1). The defendant maintains that prosecution on both counts of the indictment places him twice in jeopardy for the same offense. The Court agrees.

The Supreme Court has previously noted on two occasions the partial redundancy of §§ 922(h) and 1202(a). *United States v. Batchelder,* 442 U.S. 114, 118, 99 S.Ct. 2198, 2201, 60 L.Ed.2d 755 (1979); *United States v. Bass,* 404 U.S. 336, 341–343, 92 S.Ct. 515, 519–520, 30 L.Ed.2d 488 (1971). In *United States v. Burton,* 629 F.2d 975, 975 (4th Cir. 1980), the Fourth Circuit Court also considered the interrelationship of the two provisions, and it concluded that while the statutes are not wholly co-extensive, there are only slight conceivable variations between the two provisions.

The case of *United States v. Burton* came before the Fourth Circuit on a motion for reduction of sentence under Fed.R.Crim.P. 35. In this posture, the Circuit Court could only consider the legality of the sentence. The validity of the underlying convictions

were not at issue. However, the discussion of the two provisions in *Burton* suggests that prosecution under both provisions is inappropriate where the alleged possession of the firearm is incidental to the alleged unlawful receipt of the same gun. As the Fourth Circuit panel stated at one point: "Proscription of receipt is a proscription of possession." Id. at 977.

In *United States v. Batchelder*, supra, the Supreme Court also indicated, albeit in dictum, that a prosecutor is properly put to the election of prosecuting under either §§ 922(h) or 1202(a). 442 U.S. 123–125, 99 S.Ct. at 2203–2205. As the Supreme Court stated at various points:

This Court has long recognized that when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants.

\* \* \* \* \* \*

Contrary to the court of appeal's assertions, a prosecutor's discretion to choose between §§ 922(h) and 1202(a) is not "unfettered."

\* \* \* \* \* \*

Just as a defendant has no constitutional right to elect which of two applicable federal statutes shall be the basis of his indictment and prosecution, neither is he entitled to choose the penalty scheme under which he will be sentenced.

In *Batchelder*, as in *Burton*, the conflicting penalty schemes set forth by the two provisions were directly at issue, and the Supreme Court was not called upon to review a double jeopardy claim arising from simultaneous prosecution under the two provisions. The Court considers it more than noteworthy, however, that the clear assumption of the Supreme Court is that a prosecutor must elect to prosecute under either § 922(h) or § 1202(a).

The issue of simultaneous prosecutions has been decided by two Circuit Courts. The Tenth Circuit, in *United States v. Larranaga*, 614 F.2d 239 (10th Cir. 1980), rejected a claim that prosecution under both provisions violated the double jeopardy cause.

The decision in *Larranaga* rests on the Tenth Circuit Court's finding that the act of receiving and the act of possessing are separate and distinct acts. Id. at 241. This sweeping logic was clearly not accepted by the Fourth Circuit Court in *Burton*, for the Fourth Circuit recognized that possession may be incidental to receipt and in the instances where it is incidental, "proscription of receipt is a proscription of possessions." 629 F.2d at 977.

The Court is persuaded by the view adopted by the Fifth Circuit Court in *United States v. Larson*, 625 F.2d 67 (5th Cir. 1980). The Fifth Circuit held in that case that the United States Attorney has the discretion to prosecute under either § 922(h)(1) or § 1202(a)(1), but may not proceed under both statutes. Id. at 69. The decision in *Larson* is consistent with the dictum of the Supreme Court in *Batchelder* and with that of the Fourth Circuit in *Burton*. Moreover, it is consistent with the reality that when an individual receives a firearm he is at that same moment in possession of and may remain in possession of the firearm. If the prosecution cannot establish a discontinuity between the receipt and the possession, then there are not two separate and distinct acts which may serve as the basis for two convictions.

 Based on its review of the statutes involved and the applicable case law, the Court holds that where possession of a firearm is incidental to receipt of that same firearm, prosecution under both § 922(h)(1) and § 1202(a)(1) is barred under the Fifth Amendment. In this case, despite the motion of the defendant, the United States has failed to show that the defendant's alleged possession was not incidental to his alleged receipt of the firearm. The United States merely points to the fact that the receipt charged preceded the possession charged by at least one day. By the very nature of things receipt must precede possession and the mere passage of time does not effect a discontinuity. There is thus no indication that the defendant has been indicted under the two sections based on separate and distinct acts. The indication is wholly to the contrary.

For this reason, the defendant's Motion to Dismiss the Indictment premised on the double jeopardy challenge is GRANTED to the extent that the United States must elect whether to prosecute under 18 U.S.C. § 922(h) or 18 U.S.C. App. § 1202(a). Upon the United States' election, the Court will dismiss the count of the indictment on which the Government has chosen not to proceed.

On 12 June, the United States filed a "Motion to Reconsider" the order entered 11 June. In the 11 June order, the Court informed the parties that the Motion to Dismiss premised on the double jeopardy ground was granted and that the reasons for the Court's ruling would be forthcoming.

In support of its "Motion to Reconsider," the United States Attorney raises arguments which have already been addressed and disposed of in this memorandum. Accordingly, the motion is DENIED.

And it is so ORDERED.