**UNITED STATES of America, Appellee,**

v.

**Truman Lewis BALL, Appellant.**

**No. 83–5253.**

United States Court of Appeals,
Fourth Circuit.

Argued March 9, 1984.

Decided May 8, 1984.

Jo S. Widener, Bristol, Va. (Widener & Frackelton, Bristol, Va., on brief), for appellant.

Jennie L. Montgomery, Asst. U.S. Atty., Roanoke, Va. (John P. Alderman, U.S. Atty., Roanoke, Va., on brief), for appellee.

Before RUSSELL and CHAPMAN, Circuit Judges, and FRANK A. KAUFMAN, District Judge for the District of Maryland, sitting by designation.

DONALD RUSSELL, Circuit Judge:

■ Defendant Truman Lewis Ball was convicted, following a jury trial, of the offenses of receipt of a firearm by a convicted felon, 18 U.S.C. §§ 922(h)(1) and 924(a), and possession of a firearm by a convicted felon, 18 U.S.C.App. § 1202(a)(1). Both offenses involved the same firearm. The District Court sentenced Ball consecutively to three years imprisonment on the receipt offenses, and two years imprisonment on the possession offense suspended to two years probation, denying a motion for change of sentence under Fed.R.Crim.P. 35.[1] Defendant appeals, challenging only the validity of the sentence imposed.

---

1. The Rule 35 motion was submitted after the within appeal was noted. Once the appeal was filed, the District Court was without jurisdiction to entertain it. *United States v. Johns,* 638 F.2d 222, 224 & n. 3 (10th Cir.1981); *United States v.*

*Garrett,* 583 F.2d 1381, 1391 (5th Cir.1978); *United States v. Mack,* 466 F.2d 333 (D.C.Cir.), *cert. denied,* 409 U.S. 952, 93 S.Ct. 297, 34 L.Ed.2d 223 (1972).

We have jurisdiction to hear the appeal, notwithstanding the pendency of a motion before the District Court for reconsideration of the denial of the Rule 35 motion, since finality attaches with sentencing. *Berman v. United States*, 302 U.S. 211, 212, 58 S.Ct. 164, 165, 82 L.Ed. 204 (1937). We determined in *United States v. Burton*, 629 F.2d 975, 978 (4th Cir.1980), *cert. denied*, 450 U.S. 968, 101 S.Ct. 1487, 67 L.Ed.2d 618 (1981), that Congress did not intend to authorize cumulative punishment under 18 U.S.C. § 922(h)(1) and 18 U.S.C.App. § 1202(a) where unlawful possession of the firearm in question is incidental to unlawful receipt of the same gun. The Government concedes on appeal, as it must, that *Burton* is controlling and that the sentencing scheme of the District Court is illegal. Thus, the only issue before us is one of remedy. The remedy applied in *United States v. Wilson*, 721 F.2d 967 (4th Cir.1983) of vacating both sentences and remanding for resentencing is inappropriate here due to the absence of any double jeopardy problem with these statutes, as we determined in *Burton*, 629 F.2d at 977. Rather, Congress in these firearms statutes created separate offenses, but did not authorize pyramiding penalties. *Id.* Accordingly, we follow *Burton* and remand with instructions to modify the sentences so as to make them run concurrently.

REVERSED AND REMANDED WITH INSTRUCTIONS.