**UNITED STATES of America, Plaintiff,**

v.

**Barry P. FILLMAN, Defendant.**

**Criminal Action No. .96–10003–01.**

United States District Court,
D. Kansas.

Nov. 6, 1997.

---

Michael B. Roach, Wichita, KS, Jerome R. Jones, Wichita, KS, for Defendant.

Michael G. Christensen, Jackie N. Williams, Office of U.S. Atty., Wichita, KS, for Plaintiff.

## MEMORANDUM AND ORDER

BELOT, District Judge.

Before the court are the following:

1. Defendant's motion to dismiss (Docs. 31 and 33); and

2. Government's response (Doc. 32).

Count II of the indictment charges defendant with a violation of 18 U.S.C. § 842(i) which provides, in pertinent part, that:

It shall be unlawful for any person—

(1) who is under indictment for ... a crime punishable by imprisonment for a term exceeding one year ... to ship or transport any explosive in interstate or foreign commerce ....

■ Defendant concedes for purposes of the motion that on the date of alleged offense he was charged by complaint/information in the District Court of Sedgwick County, Kansas with a felony. Defendant nevertheless contends that Count II of the indictment should be dismissed because the statute utilizes the word "indictment" but not "complaint" or "information."

18 U.S.C. ch. 40 regulates and criminalizes certain acts pertaining to explosives. The definition section, 18 U.S.C. § 841, does not define the term "indictment." However, the term is defined in chapter 44, which regulates and criminalizes certain acts pertaining to firearms. 18 U.S.C. § 921(a)(14) reads: "The term 'indictment' includes an indictment or information in any court under which a crime punishable by imprisonment for a term exceeding one year may be prosecuted." 18 U.S.C. § 922(n) provides:

It shall be unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate ... commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate ... commerce.

■ Statutes which relate to the same subject matter are considered *in pari materia* and should be construed together. *Russell v. Dept. of Air Force*, 915 F.Supp. 1108, 1115 (D.Colo.1996). The subject matter of chapters 40 and 44 is public safety. The chapters clearly are analogous in their purpose and scope. It would be a strained construction indeed to conclude that Congress intended to criminalize shipment, transportation or receipt of firearms or ammunition by a person who is under indictment ("indictment or information"), *and* intended to criminalize possession of any explosive by a person who is under "indictment" for a felony, but did *not* intend to criminalize possession of an explosive by a person charged by complaint or information with a felony. The operative word is felony, not how the felony is charged.

The government cites *Schook v. United States,* 337 F.2d 563, 567–68, (8th Cir.1964) which, in construing 15 U.S.C. § 902(e) (now repealed) squarely rejected the argument advanced by defendant. *Schook* was distinguished in *United States v. Isaacs,* 539 F.2d 686 (9th Cir.1976), in which the defendant had been convicted of making a false statement in connection with acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6). However, as the concurring opinion noted, in pertinent part:

> The *mens rea requirement* of 18 U.S.C. § 922(a)(6), *i.e. knowingly* making a false statement, distinguishes this case from *Schook v. United States,* 337 F.2d 563 (8th Cir.1964), and other "transportation of firearms" cases. Under the statutes involved in those cases, it was not critical to conviction for the accused to have actually known that reference to an "indictment" also covered an "information". It is simply not necessary to question the logic of *Schook* in order to reverse Isaacs' conviction.

*Id.* at 689. So, too, here. Defendant's knowledge of whether he was charged with a felony by indictment or information is not an element of the offense.

The court finds the reasoning of *Schook* equally applicable to this case:

> Congress plainly sought to protect the public by proscribing the transportation of firearms by convicted felons or those charged with felonies without attaching any significance to the procedural vehicle forming the basis of the charge. It would therefore emasculate Congress' purpose for us to distinguish between persons lawfully charged with a felony by "information" and those charged by indictment.

337 F.2d at 567. The same is true for persons such as defendant who are charged with possession of explosives.

Defendant's motion to dismiss Count II (Doc. 31) is denied.

IT IS SO ORDERED.