UNITED STATES of America, Plaintiff,

v.

Monte E. WILLIAMS, Defendant.

Criminal Action No. 97–10096–01.

United States District Court,
D. Kansas.

Nov. 26, 1997.

Lanny D. Welch, Office of U.S. Attorney, Wichita, KS, for U.S.

Timothy J. Henry, Office of Federal Public Defender, Wichita, KS, for Defendant.

## ORDER

BELOT, District Judge.

Defendant stands charged in Counts 4 and 5 of an indictment with violations of 18 U.S.C. § 922(n). Count 4 charges defendant with possession of a firearm when he was under state charges for a felony. Count 5 charges defendant with possession of ammunition for the firearm charged in Count 4. Based on the information contained in the file, it would appear that during a police chase, defendant threw the loaded firearm from the vehicle being pursued by the police.

Defendant's motion is predicated on the language of 18 U.S.C. § 922(n) which provides, in pertinent part: "It shall be unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ... receive any firearm or ammunition which has been shipped or transported in interstate ... commerce." The definition of "indictment" is set forth in 18 U.S.C. § 921(a)(14): "The term 'indictment' includes an indictment or information in any court under which a crime punishable by imprisonment for a term exceeding one year may be prosecuted."

Defendant moves to dismiss Counts 4 and 5 on the basis that the underlying state charge was prosecuted by "complaint/information," a term which he claims is not within the meaning of "indictment" as used in 18 U.S.C. § 922(n). Defendant does not dispute that at least some of the charges set forth in the "complaint/information" were felony charges.

Defendant does not cite any authority of his position. The Tenth Circuit has held that failure to cite authority forfeits the argument. *Phillips v. Calhoun,* 956 F.2d 949, 953–54 (1992). In any event, the court finds defendant's position to be one of semantics, not substance. The court recently rejected a similar challenge to 18 U.S.C. § 842(i) in its Memorandum and Order of November 6, 1997. *United States v. Fillman,* 1997 WL 769197, No. 96-10003 (D. Kan.) (Doc. 34). In doing so, the court referenced 18 U.S.C. § 922(n) and *Schook v. United States,* 337 F.2d 563, 567–68 (8th Cir.1964) which rejected essentially the same argument advanced

by defendant in this case. For the same reasons as set forth in *Fillman*, the court finds that the language of the underlying charging document ("complaint/information") falls within the definition of "indictment" for purposes of 18 U.S.C. § 922(n) and accordingly overrules defendant's motion to dismiss on that stated ground.

The court notes that Counts 4 and 5 charge defendant with knowing and unlawful *possession* of the firearm and ammunition, respectively. 18 U.S.C. § 922(n) does not specifically criminalize "possession." Instead, it criminalizes "receipt." Speaking with respect to § 922(n)'s predecessor statute, 18 U.S.C. § 922(h), courts have held that the term "receipt" includes any knowing acceptance or taking possession of a weapon. *United States v. Lipps,* 659 F.2d 960, 962 (9th Cir.1981); *United States v. Martin,* 732 F.2d 591, 592 (7th Cir.1984); and *United States v. Solomon,* 29 F.3d 961, 963–65 (5th Cir.1994), *cert. denied,* 513 U.S. 1157, 115 S.Ct. 1115, 130 L.Ed.2d 1079 (1995) and the cases cited therein. *United States v. Goerlich,* 729 F.2d 1168, 1170 (8th Cir.1984) holds that receipt and possession of a firearm are not synonymous but that possession is circumstantial evidence of prior receipt. To the same effect see *United States v. Craven,* 478 F.2d 1329, 1336–37 (6th Cir.), *cert. denied,* 414 U.S. 866, 94 S.Ct. 54, 38 L.Ed.2d 85, *reh'g denied,* 414 U.S. 1086, 94 S.Ct. 606, 38 L.Ed.2d 491 (1973).

In *United States v. Larranaga,* 614 F.2d 239, 241 (10th Cir.1980), the Tenth Circuit observed that § 922(h)(1) proscribed only the receipt by a felon of a firearm transported in interstate commerce and that receipt and possession of a firearm are not synonymous. The court rejected Larranaga's claim that § 922(h)(1) penalizes the same conduct as now-repealed 18 U.S.C. App. § 1202(a), which proscribed possession. *Larranaga* has not been cited in any subsequent Tenth Circuit cases. However, in *United States v. Hernandez,* 913 F.2d 1506, 1513–14 (10th Cir.1990), *cert. denied,* 499 U.S. 908, 111 S.Ct. 1111, 113 L.Ed.2d 220 (1991), the Tenth Circuit held in connection with 18 U.S.C. § 922(g)(5) that "it is not necessary to show that defendant actually received a weapon to prove 'receipt' of a firearm under § 922; receipt may be established circumstantially by proving possession." Section 922(g)(5) makes it unlawful for any alien "illegally or unlawfully in the United States [to] receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." This statute is thus close to § 922(n) and suggests the conclusion that "receipt" for purposes of § 922(n) likewise may be established circumstantially by proving possession. However, the conclusion does not directly answer the concern, if there is one, regarding the use of the term "possession" in Counts 4 and 5 vis-a-vis the "receipt" language of § 922(n). The parties are to submit simultaneous briefs on this issue at the suppression hearing scheduled for December 1, 1997.

 Finally, and in the alternative, defendant moves to dismiss either Count 4 or Count 5 on the ground that they are multiplicious. As defendant points out, the vice of multiplicity is danger of multiple punishment for the same offense. *United States v. Segien,* 114 F.3d 1014, 1022 (10th Cir.1997). However, multiple punishment does not appear to be a concern in view of the guidelines. In any event, Counts 4 and 5 and are not the same. Different elements are required. If the government had charged defendant in a single count with violating § 922(n) by possessing a firearm *and* ammunition, defendant might attack the charge on the grounds of duplicity. *United States v. Haddock,* 956 F.2d 1534, 1546 (10th Cir.), *cert. denied,* 506 U.S. 828, 113 S.Ct. 88, 121 L.Ed.2d 50 (1992).

Defendant's motion to dismiss on the ground of multiplicity is denied.

IT IS SO ORDERED.