United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-2556
_____

Neil Edgar Beachem,                          *
                                             *
            Appellant,                       *
                                             *    Appeal from the United States
      v.                                     *    District Court for the
                                             *    Eastern District of Missouri.
Dora B. Schriro, Cranston J. Mitchell,       *
Gary Bass,                                   *
                                             *
            Appellees                        *

_____

Submitted:  February 10, 1998

Filed: April 23, 1998
_____

Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

      Neil E. Beachem appeals the district court's[1] dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.  We affirm.

_____

      [1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri, adopting the recommendation of the Honorable Thomas C. Mummert III, United States Magistrate Judge for the Eastern District of Missouri.

**I.**

Beachem began serving a ten-year sentence in Maryland in August of 1982. That same month, the State of Missouri, seeking prosecution for felony charges, placed a detainer against him pursuant to the Interstate Agreement on Detainers (IAD). In late 1982, the State of Virginia, also pursuing a felony prosecution, lodged a similar detainer. Beachem was temporarily transferred to Missouri in 1984, where he eventually pled guilty pursuant to a negotiated plea agreement. The Missouri circuit court sentenced Beachem to an aggregate eighteen-year term to run concurrently with his Maryland sentence and granted him credit for time served in the Maryland correctional system. Beachem was then returned to the custody of the State of Maryland.

In November of 1987, Beachem was extradited to Virginia to answer to the felony charges pending there. He was found guilty and sentenced to an aggregate twenty-two-year term to be served consecutively to "any other sentences that [Beachem was] serving," and was subsequently returned to Maryland's custody. Maryland released Beachem to Virginia in 1989 to serve that state's sentence. Missouri then filed a detainer against Beachem for the balance of his Missouri sentence, a detainer that Beachem alleges adversely affected his Virginia prisoner classification.

Meanwhile, the Missouri Board of Probation and Parole (the Board) informed Beachem that he had been granted a delayed parole release date of September 17, 1991. Beachem, contending that the documents failed to include the 837 days credit given to him by the Missouri sentencing judge, did not sign the documents. The Board interpreted Beachem's failure to sign as a refusal and therefore canceled the release date. The Board later informed Beachem that Missouri law prohibited credit for time served in another state. On October 25, 1991, Beachem received a new parole date from the Board. He again refused to sign the release documents, and his release was

canceled once more. In November, 1991, Beachem filed a motion to vacate his sentence in Missouri circuit court. After the motion was dismissed as untimely, Beachem filed a state writ of habeas corpus petition pursuant to Missouri Supreme Court Rule 91, which was subsequently denied on the ground that he was not in the custody of Missouri.

Beachem then filed this federal habeas action. Meanwhile, Beachem's Missouri detainer was removed and he was released on parole from Missouri, to be served while he finished his Virginia sentence. We now consider Beachem's arguments that: (1) Missouri waived jurisdiction over him when it failed to exercise its detainer after his release from custody in Maryland; and (2) Missouri violated the terms of his plea agreement by failing to grant him credit for time served in Maryland.

## II.

The state challenges Beachem's jurisdictional claim as nonjusticiable, arguing that the removal of its detainer renders his allegations moot. The inability of a federal court to "review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." Liner v. Jafco, Inc., 375 U.S. 301, 306 n.3 (1964). "[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam). In habeas corpus cases, the Supreme Court has been willing to presume, notwithstanding the intervening satisfaction of a sentence, that a wrongful criminal conviction carries with it collateral consequences sufficient to create an Article III case or controversy. See Sibron v. New York, 392 U.S. 40, 55-56 (1968); Carafas v. LaVallee, 391 U.S. 234, 237 (1968). As the Court recently observed, that presumption encompasses "collateral consequences that are remote and unlikely to occur." Spencer v. Kemna, 118 S. Ct. 978, 983 (1998).

The limits of this presumption were tested in Lane v. Williams, 455 U.S. 624 (1982). There, two convicted felons challenged their sentences, which included a mandatory parole term at the conclusion of the defendants' fixed terms of imprisonment. Both defendants, having violated their parole, unsuccessfully argued that their parole revocations created collateral consequences sufficient to create a justiciable claim. See id. at 625-30. The Court, emphasizing that the men were challenging their sentences rather than their convictions, held that the doctrine enunciated in Carafas and Sibron did not apply to parole revocations. See id. at 632.

In Spencer, the Court suggested a narrow application of the presumption of collateral consequences and noted that the presumption's evolution had proceeded "in summary fashion, . . . to accept the most generalized and hypothetical of consequences as sufficient to avoid mootness in challenges to conviction." Id. at 984. The Court observed that the practice of presuming collateral consequences runs contrary to the "long-settled principle that standing cannot be 'inferred argumentatively from averments in the pleadings,' but rather 'must affirmatively appear in the record.'" Id. at 984-85 (quoting FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990)). The Court concluded that although the presumption is likely to comport with reality in the context of challenged criminal convictions, the same cannot be said for parole revocations. See id. at 985. Thus, Spencer counsels a cautious approach to the presumption of collateral consequences.

Beachem is scheduled for release from Missouri's parole term on November 1, 2002. Although the record contains no specific reference to Beachem's Virginia release date, it suggests that he will remain in the legal custody of Virginia authorities, in one form or another, until late 2010. Beachem originally suggested that the Missouri detainer was detrimentally affecting his Virginia prisoner classification and consequently sought removal of the detainer. Missouri has removed the detainer, and Beachem, challenging that state's jurisdiction over him, now maintains that his Missouri parole term is void. After considering: (1) that Beachem is challenging the

-4-

administration of his sentence, rather than his conviction, see Lane, 455 U.S. at 631; (2) that the limiting principles of Spencer, 118 S. Ct. at 983-86, militate against applying the presumption of collateral consequences; and (3) that it is improbable that the Missouri parole will adversely affect Beachem, see id. at 985; we decline to presume any collateral consequences from Beachem's Missouri parole term. "The question remains, then, whether [Beachem] demonstrated such consequences." Id. at 986.

Citing United States v. Burton, 629 F.2d 975, 977 (4th Cir. 1980), Beachem argues that if he is granted an early release from his Virginia sentence and his Missouri parole is later revoked, he would be required to served the remainder of his sentence in a Missouri prison. We reject this argument for two reasons. First, this case contains unique facts not presented in Burton. Whereas the parolee in Burton faced the possibility of having his parole revoked and thus being required to serve his disputed sentence, see 629 F.2d at 977, it is unlikely that Beachem will serve any of his sentence in a Missouri prison. Beachem's early release from Virginia would result in a Virginia parole term, the revocation of which would land him back in a Virginia prison. Second, Beachem is personally responsible for avoiding parole revocation. "Respondents themselves are able -- and indeed required by law -- to prevent [parole violations] from occurring." Lane, 455 U.S. at 633 n.13. Indeed, Beachem has enjoyed the added benefit of serving his Missouri sentence concurrently to his Virginia sentence, a sentence that was originally intended to be served consecutively to his Missouri term.

As the Court in Lane observed: "Collateral review of a final judgment is not an endeavor to be undertaken lightly. It is not warranted absent a showing that the complainant suffers actual harm from the judgment that he seeks to avoid." Id. Absent a reasonable expectation that Missouri's sentence will again affect Beachem, the case is moot. See Murphy v. Hunt, 455 U.S. 478, 482 (1982) (per curiam). "[E]ither a low probability or doubt about the context of future disputation requires a court to dismiss

the case." <u>D.S.A. v. Circuit Court Branch 1</u>, 942 F.2d 1143, 1154 (7th Cir. 1991) (Easterbrook, J., dissenting) (citing <u>Renne v. Geary</u>, 501 U.S. 312, 320-24 (1991)). We conclude that Beachem has not met this burden.

Finally, Beachem argues that Missouri violated the terms of his plea agreement by failing to grant him credit for time served in Maryland. Because Beachem urges us to void the balance of his Missouri sentence, the same relief he sought in the above-mentioned analysis, his sentencing argument is likewise moot.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.