**UNITED STATES of America, Appellee,**

v.

**Billy Joe WINER, Appellant.**

**No. 75–1210.**

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1975.

Decided July 14, 1975.

257

S.Ct. 96, 142, 42 L.Ed.2d 85, 118 (1974). The facts proven here are sufficient to sustain the conviction.

Judgment affirmed.

Silas H. Brewer, Jr., Little Rock, Ark., for appellant, Billy Joe Winer.

Gene O'Daniel, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before LAY, HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

■ The defendant challenges his conviction under § 1202(a)(1) for receiving a firearm while a convicted felon. The facts show that on October 15, 1974, defendant, a convicted felon, borrowed a firearm from a friend allegedly to protect himself during a visit to a tavern in Little Rock, Arkansas. Within fifteen minutes of the time the defendant entered the tavern, the police arrested him in possession of the gun. The defendant challenges the receiving charge under § 1202(a) on the theory that the government proved nothing more than temporary possession and such fleeting possession cannot be the basis for a receiving charge. We disagree.

■ As we have decided in *United States v. Kelly,* 519 F.2d 251 (8th Cir. 1975), the receiving provision of § 1202(a) encompasses mere acquisition by a felon since the statute was designed for the purpose of preventing felons from acquiring a gun. It is not synonymous with a possession charge since receiving requires more than mere proof of possession. Time of the receipt and venue must be proven as well. *Cf. United States v. Overshon,* 494 F.2d 894 (8th Cir.), *cert. denied,* 419 U.S. 853, 878, 95