UNITED STATES of America, Appellee,

v.

**Ronald Michael GOERLICH,
Jr., Appellant.**

No. 83–1674.

United States Court of Appeals,
Eighth Circuit.

Submitted March 12, 1984.

Decided March 16, 1984.

---

Alan W. Weinblatt, Leonard & Weinblatt, Saint Paul, Minn., for appellant.

James M. Rosenbaum, U.S. Atty., Deborah Kleinman McNeil, Asst. U.S. Atty., D. Minn., Minneapolis, Minn., for appellee.

Before ROSS, ARNOLD and BOWMAN, Circuit Judges.

PER CURIAM.

Ronald M. Goerlich appeals his conviction following a jury trial of being a convicted felon in receipt of a firearm, a violation of 18 U.S.C. § 922(h)(1) (1968).

Appellant went to the residence of his ex-wife, Judy Lee, on the evening of January 20, 1983. Ms. Lee lived in the lower half of a duplex with her two sons, Robert and Russell. She went out drinking with a friend, Michelle Lanning, at about 10:00 p.m., prior to appellant's arrival. When she returned to her house at approximately 1:00 a.m., January 21, appellant confronted her with a rifle. Shortly thereafter, a St. Paul police officer arrived at the address and found appellant standing over his ex-wife and pointing the rifle at her as she lay in the snow. Appellant dropped the rifle and ran. He was soon arrested close by.

The gun in question was a Marlin .22 caliber rifle. It belonged to Ms. Lee's son, Robert, who received it from his maternal grandfather. Robert always kept the gun in his bedroom under the bed. He testified that he had last seen the gun three days before the night of the incident. An employee of the Marlin Firearms Company of New Haven, Connecticut, testified at trial that Marlin Company has always manufactured firearms in Connecticut and has never done so in Minnesota. The company customarily ships guns from Connecticut by truck or train.

It is undisputed that in 1979, appellant was convicted in Minnesota state court of theft, a felony punishable by imprisonment for more than one year.

The jury convicted appellant of receiving a firearm which had been shipped and transported in interstate commerce in violation of 18 U.S.C. §§ 922(h)(1) and 924(a). He was sentenced to three years in prison. For reversal, appellant argues (1) there

was insufficient evidence of "receipt" within the meaning of the statute, and (2) the government failed to prove that the firearm was transported in interstate commerce.

*Evidence of Receipt*

■ Appellant argues that the government failed to prove beyond a reasonable doubt that he had received a firearm. He concedes that the government proved that he possessed the gun, but contends that a showing of receipt requires more than mere proof of possession. While appellant's contention is correct in that receipt and possession of a firearm are not synonymous, the government correctly argues that to prove receipt, the prosecution need only show that the defendant obtained the gun in the district of Minnesota, *United States v. Black Cloud*, 590 F.2d 270 (8th Cir.1979), and the approximate time the

gun was obtained, *United States v. Winer*, 519 F.2d 256 (8th Cir.1975).[1]

■ The evidence in this case, viewed in the light most favorable to the jury verdict and accepting as established all reasonable inferences therefrom which support the verdict, *United States v. Verdoorn*, 528 F.2d 103, 105 (8th Cir.1976), is clearly sufficient to prove that appellant received the firearm. Robert Anderson testified that he last saw the gun three days before the incident. A neighbor, Ms. LaFountaine, saw appellant with the rifle twice on the night of the incident; he came to her apartment with it at 10:00 p.m. and told her he had stolen it. The second time, she saw him standing outside the building with it. Several people, including the police officer at the scene, saw appellant holding the gun over his ex-wife. Finally, during interroga-

---

1. In *United States v. Winer*, 519 F.2d 256 (8th Cir.1975), this court analyzed the receiving provision of 18 U.S.C.App. § 1202(a)(1). That statute provides:

   **§ 1202. Receipt, possession, or transportation of firearms**
   **(a) Persons liable; penalties for violations**
   Any person who—
   (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, * * * and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

   Appellant was convicted under 18 U.S.C. §§ 922 and 924, which provide in relevant part:
   **§ 922. Unlawful acts**
     *   *   *   *   *   *
   (h) It shall be unlawful for any person—
   (1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; * * * to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
   **§ 924. Penalties**
   (a) Whoever violates any provision of this chapter or knowingly makes any false statement or representation with respect to the information required by the provisions of this chapter to be kept in the records of a person licensed under this chapter, or in applying for any license or exemption or relief from disability under the provisions of this chapter,

   shall be fined not more than $5,000, or imprisoned not more than five years, or both, and shall become eligible for parole as the Board of Parole shall determine.

   The interplay between the two statutes is explained in *United States v. Larranaga*, 614 F.2d 239 (10th Cir.1980):
   18 U.S.C. § 922(h)(1) proscribes only the receipt by a felon of a firearm transported in interstate commerce. 18 U.S.C.App. § 1202(a) was a last-minute amendment to the Omnibus Crime Control Act and its purpose, *inter alia*, was to proscribe mere possession by a felon of a firearm transported in interstate commerce. This amendment was intended by Congress to complement 18 U.S.C. § 922(h)(1). *Scarborough v. United States*, 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977). Clearly, then, Congress felt that 18 U.S.C. § 922(h)(1) and 18 U.S.C.App. § 1202(a), insofar as the latter statute pertains to possession, proscribed *different* acts and not the same act. Receipt and possession of a firearm are not synonymous. *United States v. Fikes*, 373 F.Supp. 1052 (E.D.Mich.1974), affirmed without published opinion, *U.S. v. Fikes*, 510 F.2d 973 (6th Cir.1975).
   The receipt provisions of both statutes are virtually identical, *see United States v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979); *United States v. Bass*, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), so the required showing for receipt is the same under either section. Furthermore, although it is not tantamount to receipt, possession is circumstantial evidence of appellant's prior receipt of the firearm. *United States v. Johnson*, 709 F.2d 515, 517 (8th Cir.1983). ·

tion appellant told a police sergeant that he took the rifle from under Robert's bed. This evidence was sufficient to prove approximate time and place of receipt.

*Interstate Commerce*

18 U.S.C. § 922(h)(1) states that the prosecution must prove that the gun appellant received "has been shipped or transported in interstate or foreign commerce." Appellant argues 1) the government did not prove whether the firearm travelled before or after the effective date of the statute; 2) the court's jury instruction created an irrebutable presumption that the firearm travelled in interstate commerce; and 3) interstate travel must be proved by direct evidence.

◼ Appellant's first contention has no support in either the statute or the cases construing it. The government is not required to prove whether interstate movement occurred before or after 1968, when the Gun Control Act went into effect. *See United States v. Montoya*, 676 F.2d 428 (10th Cir.), *cert. denied*, 459 U.S. 856, 103 S.Ct. 124, 74 L.Ed.2d 108 (1982).

◼ Appellant contends that the court's jury instruction on this issue created an irrebutable presumption that the gun travelled in interstate commerce. The instruction given in the instant case was the same as the one approved by the Supreme Court in *Barrett v. United States*, 423 U.S. 212, 215 n. 4, 96 S.Ct. 498, 500 n. 4, 46 L.Ed.2d 450 (1976). There the Court upheld the conviction of a felon based on the intrastate purchase of a firearm that had been previously transported in interstate commerce. Finally, appellant's complaints regarding the use of circumstantial evidence are meritless. It is well settled that circumstantial evidence may be used to prove a case. *See United States v. Wynde*, 579 F.2d 1088, 1094 (8th Cir.), *cert. denied*, 439 U.S. 871, 99 S.Ct. 204, 58 L.Ed.2d 184 (1978).

Accordingly, we affirm the jury verdict.