UNITED STATES of America, Appellee,

v.

Terry Eugene SAVAGE, Appellant.

No. 88–1906.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 16, 1988.
Decided Dec. 16, 1988.

Brian J. Gepford, Kansas City, for appellant.

* The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, sitting by designation.

**1.** The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

Sidney M. Glazer, Washington, D.C., for appellee.

Before FAGG and WOLLMAN, Circuit Judges, and WOODS,* District Judge.

HENRY WOODS, District Judge.

Terry Eugene Savage appeals from his conviction in the United States District Court for the Eastern District of Missouri[1] under 18 U.S.C. § 922(g)(1) which makes it unlawful for a convicted felon to possess a firearm. The defendant would have this court reverse the conviction on the basis of the district court's rulings on certain evidentiary matters, on its improper instruction, and on its refusal to dismiss the indictment. We affirm.

## BACKGROUND

On November 6, 1988, an armed robbery was committed at the Bannister Bank and Trust Company in Kansas City, Missouri. One of the getaway cars was described by eyewitnesses as a gold Pontiac Fiero. The next day, the defendant was stopped by police officers while driving his car, a gold Pontiac Fiero.[2] The defendant and his passenger were arrested; the car was impounded and later lawfully searched. The police found, among other items, a camera case which contained a .38 caliber Smith & Wesson revolver.

The defendant was first charged by information, then subsequently indicted on November 25, 1987 and charged with one count of bank robbery pursuant to Title 18 U.S.C. § 2113(a) and (d). The grand jury returned a superseding, two-count indictment on January 6, 1988. Count I of that indictment was substantially the same as the original indictment; Count II charged the defendant with the additional offense of being a felon in possession of a firearm in violation of Title 18 U.S.C. §§ 922(g)(1)

**2.** The defendant does not contest the legality of the stop and search of his automobile.

and 924(e).[3] Count II further alleged that the .38 caliber Smith & Wesson revolver found in the defendant's car was the same weapon used to commit the armed bank robbery charged in Count I of the indictment.

On defendant's motion the district court severed Count I from Count II, holding the two counts were improperly joined since they were not based on the same acts or transactions connected together or constituting parts of a common scheme or plan. The district court noted that there were no facts alleged in Count II of the superseding indictment to link the gun found in the defendant's car on November 7, 1987 to the gun used in the bank robbery on November 6, 1987.

A second superseding indictment was filed on January 27, 1988 charging only one count, that of a felon in possession of a firearm. This second superseding indictment was substantially the same as Count II of the first superseding indictment, except that all references to bank robbery were deleted. The defendant was convicted and sentenced to fifteen years without parole, the statutory minimum under Title 18 U.S.C. § 924(e).

The defendant urges seven grounds for reversal:

## THE INDICTMENT

The defendant contends that in refusing to dismiss the indictment, the district court abrogated his federal rights guaranteed by the sixth amendment to the United States Constitution and Title 18 U.S.C. § 3161(c)(1) (the Speedy Trial Act). The Speedy Trial Act requires, *inter alia,* that a defendant's trial commence within seventy days from the filing date of the indictment, or from the date the defendant has appeared before a judicial officer, whichever date last occurs.

The defendant was first charged with a violation of Title 18 U.S.C. §§ 922(g) and 924(e) in the January 6, 1988 indictment. The trial commenced on February 22, 1988, clearly within seventy days of the first superseding indictment. Nonetheless, the defendant would have calculation of the seventy days begin from the return of the original indictment on the bank robbery charge.

 It is true that a superseding indictment which merely embellishes an earlier charge, or which makes only technical changes, such as accusational dates, will not reset the speedy trial clock. *United States v. Napolitano,* 761 F.2d 135 (2d Cir.1985), *cert. denied,* 474 U.S. 842, 106 S.Ct. 129, 88 L.Ed.2d 106 (1985). However, it is settled law that an arrest on one charge does not trigger the right to a speedy trial on another charge filed after the arrest. *United States v. Ray,* 768 F.2d 991 (8th Cir.1985); *United States v. Pollock,* 726 F.2d 1456 (9th Cir.1984); *United States v. Brooks,* 670 F.2d 148 (11th Cir. 1982), *cert. denied,* 457 U.S. 1124, 102 S.Ct. 2943, 73 L.Ed.2d 1339 (1982). In this case, the felon in possession charge is so entirely

---

**3.** 18 U.S.C. § 922(g)(1) states in pertinent part:
It shall be unlawful for any person—
(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
....
to ship or transport in interstate or foreign commerce, or possess in or affecting interstate commerce, any firearm or ammunition....
§ 924(e)(1) provides for a minimum sentence in certain situations:
(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, such person shall be fined not more than $25,000, and imprisoned not less than fifteen years, and,

notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection....
(2) As used in this subsection—
....
[T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year that—
(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

unrelated to the earlier bank robbery charge that the trial judge, on defendant's motion, severed the two counts and ordered separate trials. The defendant's argument here is wholly without merit.

■ The defendant also contends that the charge of felon in possession of a firearm, on which the defendant was convicted, should have been dismissed due to the government's unreasonable delay in bringing the indictment. The defendant contends that the government reasonably should have known immediately after his arrest for bank robbery that he could be charged as a felon in possession of a firearm. Yet the government waited almost two months to bring that charge.

"Pre-indictment delay will be sufficiently 'oppressive' to warrant dismissal of an indictment where the delay was unreasonable and substantially prejudicial to the defendant in the presentation of his case." *United States v. Bartlett*, 794 F.2d 1285, 1289 (8th Cir.1986), *cert. denied*, 479 U.S. 934, 107 S.Ct. 409, 93 L.Ed.2d 361 (1986). Defendant bears the burden of establishing that any delay was unreasonable and that he suffered actual prejudice because of the delay. Only where actual prejudice has been established will the court inquire into the reasons for the delay, balancing those reasons against the actual prejudice to the defendant. *Id., citing United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); *United States v. Purham*, 725 F.2d 450 (8th Cir.1984); *United States v. Barket*, 530 F.2d 189 (8th Cir. 1976). In the case at bar, the defendant has demonstrated neither unreasonable delay nor actual prejudice.

The defendant asks this court to hold that the government's two-month delay in bringing the indictment after it had probable cause was unreasonable. There is no requirement that the government seek an indictment the moment that it has probable cause to arrest. Nor would such a rule be prudent public policy. The United States Supreme Court has held:

[T]he Due Process Clause does not permit courts to abort criminal prosecutions simply because they disagree with a prosecutor's judgment as to when to seek an indictment. Judges are not free, in defining "due process," to impose on law enforcement officials our "personal and private notions" of fairness and to "disregard the limits that bind judges in their judicial function." *Rochin v. California*, 342 U.S. 165, 170 [72 S.Ct. 205, 208, 96 L.Ed. 183] (1952). . . . It requires no extended argument to establish that prosecutors do not deviate from "fundamental conceptions of justice" when they defer seeking indictments until they have probable cause to believe an accused is guilty; indeed it is unprofessional conduct for a prosecutor to recommend an indictment on less than probable cause. It should be equally obvious that prosecutors are under no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish the suspect's guilt beyond a reasonable doubt. To impose such a duty "would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself." *United States v. Ewell* [383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966) ].

*Lovasco, supra* 431 U.S. at 790–91, 97 S.Ct. at 2049.

Even if the defendant could demonstrate that the two-month delay was unreasonable, he also bears the heavy burden of proving *actual and substantial prejudice* flowing from the preindictment delay. *Bartlett*, 794 F.2d at 1291–92. However, even a showing of actual prejudice does automatically entitle the defendant to relief:

Actual prejudice to the defense of a criminal case may result from the shortest and most necessary delay; and no one suggests that every delay-caused detriment to a defendant's case should abort a criminal prosecution.

*United States v. Marion*, 404 U.S. 307, 324–25, 92 S.Ct. 455, 465, 30 L.Ed.2d 468 (1971).

In the case at bar, the defendant asserts that but for the unreasonable delay, he could have produced as a witness the real owner of the Smith & Wesson revolver

found in his Pontiac Fiero. As it was, the would-be witness was shot and killed a month before the defendant's trial.

The defendant's specious argument will not bear scrutiny. First, it is highly speculative that the now-deceased witness, Mr. Hayes, would have acknowledged that the gun was his. Hayes was, himself, a convicted felon, and any such admission would have subjected Hayes to prosecution under the same statute as the defendant herein.

Second, we fail to see the relevancy of who the record owner of the gun was. The defendant was not accused of owning the gun, but of being *in possession* of the gun. Assuming Hayes would have testified as the defendant asserts, the testimony would not have exculpated the defendant. In sum, the defendant has not established either that the delay was unreasonable or that he suffered actual prejudice attributable to the delay.

## EVIDENTIARY RULINGS

■ The defendant's next three grounds for reversal are based on evidentiary rulings made by the district court. The trial court permitted the government to introduce evidence of the defendant's multiple serious convictions rather than accept the defendant's offer to stipulate that he was a convicted felon. The defense concedes, as it must, that the law in this circuit does not require the prosecution to accept such a stipulation. *United States v. Blade*, 811 F.2d 461 (8th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 124, 98 L.Ed.2d 82 (1987); *Rush v. United States*, 795 F.2d 638 (8th Cir.1986); *United States v. Flenoid*, 718 F.2d 867 (8th Cir.1983).

Nonetheless, the defendant would have this court distinguish the manner in which his prior convictions were presented as compared with cases where we have upheld the prosecutor's right to prove convictions rather than accept a stipulation. We cannot say that the manner in which prior convictions were presented in this case was so unfairly prejudicial as to require reversal. We should note that the defendant was charged not only with being a felon in possession of a firearm, but also under 18 U.S.C. § 924(e)(1), which applies to felons with prior *violent* felony convictions. Thus, a mere stipulation that the defendant was a felon would have been insufficient proof for purposes of § 924(e)(1). Undoubtedly, the defendant was prejudiced by the violence of his prior crimes, but the manner in which he was prejudiced cannot be said to have been unfair.

■ The defendant also complains that the trial court erred in admitting into evidence his "rap sheet," a virtual laundry list of the defendant's prior arrests and convictions. The document was admitted for the limited purpose of proving that each of the individual convictions belonged to the same "Terry Eugene Savage," defendant herein. The record indicates that one of the defendant's prior convictions was under the name "Timothy Robbins." The jury was not allowed to see the document, and we cannot say that it was an abuse of the district court's discretion to admit the evidence for the limited purpose of establishing beyond a reasonable doubt that the prior convictions were those of the defendant.

■ The defendant complains that the district court permitted the prosecution to introduce evidence to imply that the defendant was under investigation for robbery. The prosecution was clearly entitled to give the context of the defendant's arrest and the subsequent search of his automobile. In *United States v. Moore*, 735 F.2d 289 (8th Cir.1984), we held:

The defendant [on trial for being a felon in possession of a firearm] argues that the trial court erred by letting the government establish that he had been arrested in the course of a drug raid. Generally, evidence of other crimes committed by a defendant is inadmissible. (citations omitted). However, one of the exceptions to the general rule permits the introduction of evidence of other criminal activity for the purpose of providing the context in which the crime occurred, i.e. the *res gestae*. (citations omitted). A jury is entitled to know the circumstances and background of a criminal charge. It cannot be expected to make its decision in a void—without knowledge of the time, place, and circum-

stances of the acts which form the basis of the charge. *Moore,* 735 F.2d at 292. Certainly it was permissible to present testimony as to who was present at the scene of the arrest. While we would agree that prosecution questions as to the amount of money in the defendant's camera case were arguably prejudicial, the record fails to reveal any references to the robbery investigation which would justify this court's reversal of the defendant's conviction.

 Next, the defendant contends that the trial court erroneously refused to admit into evidence a written statement given by the defendant's girl friend to a defense investigator. Though the defendant admits that the statement is hearsay evidence, he contends that it should have been admitted as an exception.

In this case, the girl friend's statement indicates that the .38 caliber revolver found in the defendant's car was given to her by a man named Hayes. According to the statement, it was Hayes who placed the gun in the trunk of the defendant's car, for the use of the girl friend's sister.

Exceptions to the rule against hearsay evidence are based on the notion that some evidence is so inherently reliable that it should not be excluded merely because it is hearsay. Fed.R.Evid. 804(b)(3) recognizes that a statement made against the declarant's pecuniary or penal interest can bear such indicia of reliability. However, Rule 804(b)(3) requires that when a statement tends "to expose the declarant to criminal liability and [is] offered to exculpate the accused [it] is not admissible unless corroborating circumstances *clearly indicate* the trustworthiness of the statement." Fed.R. Evid. 804(b)(3) (emphasis supplied).

The corroboration of the statement in this case was thin, at best. We cannot say that the trial court abused its discretion in

refusing to admit the statement without clearly reliable corroboration. In any event, it is difficult to see how the admission of the statement would have benefited the defendant, since it flatly states that the defendant found the gun in the trunk of his car, and *put it in his camera case* to return to Hayes.

## JURY INSTRUCTION

 For his next point, the defendant argued that one of the district court's instructions improperly stated the government's burden to show the gun found in the possession of the felon affected interstate commerce.[4] This contention is entirely without merit. The instruction given was substantially the same as that approved in *Barrett v. United States,* 423 U.S. 212, 96 S.Ct. 498, 46 L.Ed.2d 450 (1976). *See also United States v. Goerlich,* 729 F.2d 1168 (8th Cir.1984).

## SENTENCING GUIDELINES

 Finally, the defendant contends that his sentence was erroneous, and that he should have been sentenced under the recently enacted Federal Sentencing Guidelines since the crime occurred after November 1, 1987 (effective date of the guidelines). The defendant was sentenced to the statutory minimum, fifteen years without parole. In fact, the district court did apply the Guidelines, but unfortunately for the defendant, they provide that where the Guidelines sentence would be less than the statutory minimum, that statutory minimum "shall be the guideline sentence." Sentencing Guidelines § 5G1.1(b). The sentence imposed was permissible both within and without the new guidelines.

AFFIRMED.

---

**4.** The district court's instruction was the standard "affecting commerce" instruction from 2 Devitt and Blackmar, *Federal Jury Practice and Instructions* § 59.40 (3d ed. 1977). The third paragraph, to which the defendant takes exception, states:

The government may meet its burden of proving that the possession of the firearm was in

or that it affected commerce if it is demonstrated that the firearm possessed by a convicted felon had previously traveled in interstate commerce. Let me remind you, however, that it is up to you to determine what evidence to accept and what weight to give it. You are the sole judges of the facts.