**UNITED STATES of America, Appellee,**

v.

**Leslie Gordon HARRIS, Appellant.**

**No. 91–2223.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1991.

Decided Feb. 5, 1992.

Rehearing Denied March 18, 1992.

James Knappelberger, Clayton, Mo., argued, for appellant.

James Steitz, Asst. U.S. Atty., St. Louis, Mo., argued, for appellee.

Before BOWMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and BEAM, Circuit Judge.

BEAM, Circuit Judge.

On February 5, 1991, a jury found Leslie Gordon Harris guilty of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii)(1) (1988). Harris appeals his conviction, claiming various acts of prosecutorial misconduct and improper admission of evidence. We affirm.

## I. BACKGROUND

On the evening of August 7, 1989, two St. Louis police officers were conducting surveillance of a street near a residence of Harris. The officers sought to arrest Harris for first degree murder as the gunman in a drive-by shooting. Witnesses to the shooting had positively identified Harris as the killer from a series of photographs. The officers did not have a warrant for Harris's arrest.

The officers eventually observed Harris drive a car into a nearby parking lot. After approaching the car, the officers stopped Harris as he began to exit, identified themselves, and ordered Harris to place his hands on top of the car. The officers informed Harris that he was under arrest for first degree murder.

One of the officers searched Harris and the car, looking for the gun used in the drive-by shooting. The officer found a Luvs brand diaper box sitting on the passenger side of the car's front seat. When the officer searched the box, he discovered two bags containing a white substance, la-

ter confirmed to be cocaine. The officers informed Harris that he was also under arrest for possession of cocaine. They then hand-cuffed Harris and read him his *Miranda* rights.

After his arrest, Harris consented to a search of his apartment. During the search, the police discovered additional evidence including a scale, a box of baggies, personal papers, and a gun-cleaning kit. Harris eventually was taken to the St. Louis Police Department, Homicide Division, where he was questioned. At this time, Harris indicated that he remembered and understood his *Miranda* rights. The police officers asked Harris if he had any statements to make concerning either the homicide or the cocaine located in his car. Harris simply hung his head and responded: "You got me, what else can I say." Harris then asked for an attorney and the questioning ceased.

Harris was initially convicted of homicide in state court and later convicted of possession of cocaine with intent to distribute in federal court. Before the start of the federal trial, the parties and the court orally agreed that neither the term "homicide" nor any evidence of the murder would be admissible. Contextual background statements, however, explaining that the officers went to Harris's residence on "an unrelated matter and an unrelated investigation" would be admissible. Trial Transcript at 8.

## II. DISCUSSION

Harris raises several issues on appeal, not all of which merit discussion. We first address Harris's contention that the district court erred in rejecting his arguments that both his warrantless arrest and the subsequent search of his car were illegal and, therefore, the evidence seized during the searches of the car and the apartment as well as Harris's incriminatory statements were inadmissible fruits of the poisonous tree.[1] *See Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9

---

1. Harris apparently does not challenge the consensual search of his apartment other than as a  fruit of the earlier illegal arrest and car search.

L.Ed.2d 441 (1963). We review a district court's determination of whether probable cause existed for a warrantless arrest under the clearly erroneous standard. *E.g., United States v. Calkins,* 906 F.2d 1240, 1244 (8th Cir.1990). We find no error here. The witnesses' identification of Harris as the gunman in the drive-by shooting provided the officers with sufficient probable cause to believe that Harris had committed the murder. Likewise, we find no error in the district court's conclusion that the search of Harris's car was legal. An officer may open a container found in the passenger compartment of a car during a search incident to a valid arrest. *New York v. Belton,* 453 U.S. 454, 460–61 & n. 4, 101 S.Ct. 2860, 2864–65 & n. 4, 69 L.Ed.2d 768 (1981). Because both Harris's arrest and the search of his car were completely within the law, neither the evidence discovered during the two searches nor Harris's statements were fruits of the poisonous tree.

■ Harris also claims that the district court committed prejudicial error in overruling his objection and motion for mistrial after the prosecutor made an impermissible reference to Harris's murder charge during opening statements. The prosecutor explained the surrounding context of Harris's arrest by stating that the "police department targeted Mr. Harris for arrest, in an unrelated crime." Trial Transcript at 70. Harris initially argues that the statement violated the pre-trial agreement. We disagree. The trial court did not abuse its discretion in permitting the prosecutor's statement. Although the statement does not mirror the exact language discussed before trial, it is sufficiently similar to pass muster. The essence of the agreement, that neither party directly refer to the murder charge, was not violated. Harris further argues that the statement was irrelevant, prejudicial, and an inadmissible reference to a prior crime. We review a trial court's ruling concerning objections based on relevance

and prejudice for abuse of discretion only. *E.g., United States v. Johnson,* 934 F.2d 936, 942–43 (8th Cir.1991). We see no abuse here. The comment is relevant to explaining the basis for the police investigation of Harris, and the prejudicial effect, if any, is minimal. Furthermore, although references to other crimes generally are inadmissible, the prosecution is entitled to explain the circumstances surrounding the investigation and arrest of a defendant. *United States v. Savage,* 863 F.2d 595, 599 (8th Cir.1988), *cert. denied,* 490 U.S. 1082, 109 S.Ct. 2105, 104 L.Ed.2d 666 (1989); *United States v. Moore,* 735 F.2d 289, 292 (8th Cir.1984).

■ Harris contends that the district committed prejudicial error in admitting his incriminatory statement, "You got me, what else can I say," because that statement is ambiguous and misleading. According to Harris, his statement is not a clear admission of guilt to the possession charge. The officer had asked Harris about the murder as well as the possession charge. Harris's statement, therefore, might only have been an admission to the murder charge. Moreover, Harris asserts that the statement was misleading because its full context was never revealed to the jury. Although the jury knew that the officer had questioned Harris about another matter, the jury never learned that Harris made his statement in direct response to a question about both the murder and the possession charge. As noted above, objections based on relevancy and prejudice are within the sound discretion of the trial court. *Johnson,* 934 F.2d at 942. We find no basis on which to disturb the trial court's decision that the probative value of Harris's statement significantly outweighed its prejudicial effect even though the jury did not know the statement's full context. Any ambiguity in the statement is an issue for the jury to resolve and Harris had ample opportunity to explain the statement's context and meaning to the jury.[2]

**2.** We note that Harris did not need to reveal the murder charge to explain the context of his statement. His counsel simply could have clarified on cross-examination of the officer that the statement was made in direct response to a

Harris claims that the district court committed prejudicial error in permitting the prosecutor to make references to other bad acts of his during cross-examination of certain defense witnesses. The prosecutor impeached the witnesses by asking them whether they previously had made false statements or tampered with evidence on behalf of Harris at Harris's request. We see no abuse of discretion here. Evidence probative of a witness's truthfulness is admissible to impeach the witness. *E.g., United States v. Fuller,* 887 F.2d 144, 147 (8th Cir.1989), *cert. denied,* 496 U.S. 908, 110 S.Ct. 2592, 110 L.Ed.2d 273 (1990). Likewise, evidence showing a witness's bias is almost always admissible. *United States v. Abel,* 469 U.S. 45, 52, 105 S.Ct. 465, 469, 83 L.Ed.2d 450 (1984). The prosecutor's questions went directly to the credibility and bias of Harris's witnesses. Moreover, no error occurred in permitting inquiry into the witnesses' underlying reasons for making false statements or tampering with evidence, because this helped the jury to evaluate the witnesses' current testimony. Even if the prosecutor's questions indirectly revealed prior bad acts of Harris's, evidence may be inadmissible for one purpose yet still be admissible for another. *See, e.g., United States v. Helmel,* 769 F.2d 1306, 1319 (8th Cir.1985).[3] Finally, we do not agree with Harris that the prejudicial effect of the questions so outweighed their probative value that the trial court abused its discretion in permitting the prosecutor to ask them.

Harris also argues that the district court committed prejudicial error in overruling his objection and motion for mistrial after the prosecutor allegedly made an improper reference in closing arguments to Harris's silence during questioning. During his closing argument, the prosecutor reviewed the circumstances of Harris's confession and finished by noting that after making the incriminating statement, "[Harris] conclude[d] the interview." Trial Transcript at 240–41. Reference to the silence of an accused usually is impermissible, because it is fundamentally unfair for the government to induce silence through *Miranda* warnings and then later use this silence against the accused. *See Doyle v. Ohio,* 426 U.S. 610, 617–18, 96 S.Ct. 2240, 2244–45, 49 L.Ed.2d 91 (1976). Where the accused initially waives his right to remain silent and agrees to questioning, however, no such inducement has occurred. If the accused subsequently refuses to answer further questions, the prosecution may note the refusal because it now constitutes part of an otherwise admissible conversation between the police and the accused. *See United States v. Collins,* 652 F.2d 735, 740 (8th Cir.1981), *cert. denied,* 455 U.S. 906, 102 S.Ct. 1251, 71 L.Ed.2d 444 (1982). The prosecutor's commentary, therefore, was permissible.

### III. CONCLUSION

We have considered Harris's other arguments on appeal and find them to be without merit. We affirm his conviction.

---

question concerning an unrelated matter as well as the possession charge.

**3.** We note that Harris's counsel did not request a limiting instruction and we see no clear error in the district court's failure to give one on its own initiative.