**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Frederick WILLIAMS, Defendant–Appellant.**

**No. 92–1365.**

United States Court of Appeals, Eighth Circuit.

Submitted June 9, 1992.

Decided Aug. 3, 1992.

R. Thomas Day, St. Louis, Mo., for defendant-appellant.

Mark W. Eggert, St. Louis, Mo., for plaintiff-appellee.

Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Frederick Williams appeals from his conviction of three counts of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) (1988) and 21 U.S.C.A. § 841(b)(1)(C) (West Supp.1992). On appeal he attacks the district court's admission of testimony which he contends suggested his involvement in earlier, unrelated narcotics trafficking. We affirm the judgment of the district court.[1]

The facts can be briefly stated. Postal Inspector Roger Hurlbut testified that he initiated his investigation of Williams by getting a confidential informant, Walter Kyle, to attempt to purchase drugs from Williams. Kyle met with Williams several times, purchasing from him varying amounts of cocaine base ("crack").[2]

Over defense counsel's objection, the district court permitted Inspector Hurlbut to answer the government's question about whether Hurlbut had launched the investigation of Williams by "draw[ing] the defendant's name out of a hat." The full exchange follows:

Q. Inspector Hurlbut, is there a reason why on February 12, '91, you went out

---

1. The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

2. Williams was acquitted of one count of distributing cocaine.

with Kyle to attempt to buy drugs from the defendant?

A. Yes, sir.

Q. What reason?

[Defense counsel] Mr. Day: Excuse me, Your Honor, may I approach the bench?

Following a bench conference and the court's ruling, Hurlbut testified as follows:

Q. Inspector Hurlbut, on February 12, 1991, you didn't just draw the defendant's name out of a hat, did you?

A. No Sir.

■ Williams argues that this testimony suggested that he was involved in past wrongdoing and its admission violated Federal Rule of Evidence 404(b). Under Rule 404(b), evidence of other crimes or bad acts may be admitted to show "motive, opportunity, intent, preparation, common plan, knowledge, identity, or absence of mistake or accident." *United States v. Johnson*, 934 F.2d 936, 939 (8th Cir.1991). Evidence admitted under this rule must be relevant to a material issue, must be sufficient to support a jury finding that the defendant committed the other act or crime, must be more probative than prejudicial, and must concern an act or crime similar in kind and reasonably close in time to the crime charged. *Id.; United States v. Mothershed*, 859 F.2d 585, 588 (8th Cir.1988). The government contends that Hurlbut's testimony did not describe any prior bad acts of Williams and that the prosecution is entitled to introduce evidence regarding the context of the investigation or the arrest.

■ The district court did not err in permitting Hurlbut to answer the government's question regarding the investigation of Williams. Hurlbut did nothing more than indicate the investigation had not been launched at random. Such a vague and general statement does not violate Rule 404(b).

In *United States v. Harris*, 956 F.2d 177 (8th Cir.1992), *pet'n for cert. filed*, (U.S. June 11, 1992) (No. 91–1994), we stated that "although references to other crimes generally are inadmissible, the prosecution is entitled to explain the circumstances surrounding the investigation and arrest of a defendant." *Id.* at 180 (citations omitted). *See also United States v. Savage*, 863 F.2d 595, 599 (8th Cir.1988) (prosecution entitled to present evidence concerning context of defendant's arrest), *cert. denied*, 490 U.S. 1082, 109 S.Ct. 2105, 104 L.Ed.2d 666 (1989).

Under *Harris*, the district court could have permitted the prosecution to present the reason for investigating Williams. The testimony here merely indicates that the postal inspection service had a reason; it does not reveal what the reason was. We see no error in the district court's ruling.

We affirm the judgment of the district court.