16 F.3d 1221
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Jackie SCILLION, Petitioner-Appellant,
v.
Michael O'DEA, Warden, Respondent-Appellee.
 No. 93-5869.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1994.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges, and HULL, District Judge.*
 
 ORDER
 
 2
 Jackie Scillion, a pro se Kentucky state prisoner, appeals a district court judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Scillion was convicted following a jury trial of third degree burglary, felony theft, first degree criminal mischief, and first degree persistent felony offender status. He was sentenced to three concurrent terms of ten years. After unsuccessfully pursuing his state court remedies, Scillion filed this federal habeas action raising claims of ineffective assistance of counsel, prosecutorial misconduct, erroneous introduction of his co-indictee's guilty plea, and erroneous introduction of evidence that he had attempted to burglarize the same drug store on a previous occasion.
 
 
 4
 The case was referred to a magistrate judge, who rejected the majority of petitioner's arguments, but concluded that he was entitled to relief on one of his claims of prosecutorial misconduct. Specifically, the magistrate judge found that the prosecutor had improperly commented on Scillion's invocation of his right to remain silent after being given Miranda warnings. Only the respondent filed objections to the magistrate judge's recommendation. The district court conducted a de novo review, accepted the magistrate judge's recommendation on the bulk of Scillion's claims, but rejected his analysis of the argument on prosecutorial misconduct. Accordingly, the district court denied the petition. On appeal, Scillion reasserts his claims of ineffective assistance of counsel, erroneous introduction of his co-indictee's guilty plea, and prejudicial comment on his invocation of the right to remain silent.
 
 
 5
 Upon review, we conclude that the district court correctly analyzed Scillion's claim of prosecutorial misconduct in connection with his allegation of improper comment on his invocation of his right to remain silent. Scillion signed a waiver of his Miranda rights following his arrest and answered a number of general questions regarding the contents of his wallet. He also gave a handwriting sample. When questioned as to whether he knew anything about this burglary, he stated that he was not going to tell the police anything. This statement was brought out on examination of the interrogating police officer and was commented on in the prosecutor's closing argument. We conclude under these circumstances that comment on Scillion's refusal to answer questions after waiving his right to remain silent was not improper. See United States v. Harris, 956 F.2d 177, 181 (8th Cir.), cert. denied, 113 S.Ct. 85 (1992); cf. Anderson v. Charles, 447 U.S. 404, 408 (1980) (per curiam); United States v. Crowder, 719 F.2d 166, 170-72 (6th Cir.1983) (en banc), cert. denied, 466 U.S. 974 (1984).
 
 
 6
 Furthermore, we conclude that Scillion waived the right to appeal on the remainder of his claims by failing to file objections to the magistrate judge's report after being advised to do so. See Thomas v. Arn, 474 U.S. 140, 155 (1985).
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, U.S. District Judge for the Eastern District of Tennessee, sitting by designation