# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1361
_____

United States of America,

*Plaintiff - Appellee*,

v.

James Antonio Morrison, Jr.,

*Defendant - Appellant*.

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: November 18, 2013
Filed: April 8, 2014

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

A jury convicted James Morrison, Jr., of unlawful possession of ammunition as a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Morrison appeals, arguing that the district court[1] abused its discretion by admitting

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

evidence of purchases, sales, and possession of firearms and ammunition by Morrison and his associates. We affirm.

On April 25, 2011, an agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives received a report that Janessa Hove had purchased multiple firearms within a five-day period. Investigation revealed that Hove resided in an apartment in Ames, Iowa; the mailbox at Hove's address displayed the names of both Hove and Morrison. ATF officers contacted Hove and learned that in early March 2011, Hove had obtained a permit to purchase firearms, at Morrison's behest. Morrison, a previously convicted felon, wanted a firearm for himself as well as firearms and ammunition to sell to friends. According to Hove, she purchased ten pistols for Morrison between early March and the middle of April 2011, and she purchased ammunition for Morrison on three occasions during roughly the same period.

On April 28, 2011, law enforcement officers executed a search warrant at Hove's apartment and found a box of nine-millimeter ammunition on a coffee table. Hove testified that she had purchased the ammunition for Morrison and given it to him in the apartment, after an unsuccessful attempt to return it to the store from which she had purchased it. The officers also seized men's clothing and personal items that belonged to Morrison. On July 27, 2011, a grand jury returned a one-count indictment against Morrison, charging him with unlawful possession of the ammunition as a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Before trial, the government moved *in limine* for a ruling that evidence of the firearm straw-purchasing scheme was admissible. In particular, the government sought to present testimony from Hove regarding her role in the scheme, statements from Morrison acknowledging some aspects of the scheme, evidence that officers had found a firearm in Hove's car after Morrison consented to a search of it, and testimony from Scott Edwards that he had purchased two firearms from Morrison.

The government argued that the evidence was admissible as *res gestae* evidence of the context of Morrison's unlawful possession of the seized ammunition or, alternatively, as evidence of motive, knowledge, and intent under Federal Rule of Evidence 404(b). Over Morrison's opposition, the district court ruled the evidence admissible as *res gestae*.

At trial, the government offered the challenged testimony. Defense witnesses testified that Morrison had moved out of Hove's apartment by the middle of April. A jury convicted Morrison, and the district court sentenced him to eighty-four months' imprisonment, to be followed by three years of supervised release. Morrison appeals, challenging the admissibility of the government's evidence of the unlawful purchases, sales, and possession of firearms. We review the district court's ruling for abuse of discretion. *United States v. LaDue*, 561 F.3d 855, 857 (8th Cir. 2009).

We see no abuse of discretion in the district court's decision to admit evidence of the firearm-purchasing scheme as context for Morrison's unlawful possession of the ammunition. We have recognized that the scope of relevant evidence under Federal Rule of Evidence 401 includes "evidence 'providing the context in which the crime occurred, i.e. the *res gestae*.'" *Id.* (quoting *United States v. Savage*, 863 F.2d 595, 599 (8th Cir. 1988)). "Although *res gestae* evidence sometimes implicates the defendant in other acts, we have concluded that where acts are inextricably intertwined with the charged crime, they are not extrinsic, and thus not merely character evidence governed by [Rule 404(b)]." *Id.* at 858. In *United States v. Roberts*, 253 F.3d 1131 (8th Cir. 2001), for example, we held that evidence of a defendant's prior bank robberies was admissible under a *res gestae* theory in a prosecution for a new bank robbery, because the prior robberies "helped to explain both the genesis and the execution" of the offense of conviction. *Id*. at 1134.

The disputed evidence in this case demonstrated the circumstances surrounding the offense and tended logically to prove one or more elements of Morrison's

unlawful possession of ammunition. *See Moore v. United States*, 178 F.3d 994, 1000 (8th Cir. 1999). It showed a pattern or scheme of straw purchases and thus helped to explain how the offense of conviction commenced and occurred. *See Roberts*, 253 F.3d at 1134. Evidence of the firearm-purchasing scheme was probative of Morrison's knowledge and explained how and why he used Hove to acquire prohibited ammunition. The recent straw purchases by Hove arguably played an integral role in the offense of conviction. The district court thus reasonably concluded that the evidence was relevant.

The judgment of the district court is affirmed.

_____