# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1032

_____

United States of America,

*Plaintiff - Appellee,*

v.

Zachery King Edward Conner,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: November 16, 2018
Filed: May 9, 2019

_____

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.

_____

COLLOTON, Circuit Judge.

A jury convicted Zachery Conner of robbery under the Hobbs Act, brandishing a firearm during and in relation to a crime of violence (*i.e.*, the robbery), and unlawful possession of a firearm as a previously convicted felon. *See* 18 U.S.C. §§ 1951,

924(c)(1)(A)(ii), and 922(g)(1). Over Conner's objection, the district court[1] admitted into evidence a video and five photographs showing Conner wearing a jacket and shoes similar to those worn by the perpetrator of the robbery. Conner challenges the admissibility of this evidence, and he argues separately that Hobbs Act robbery is not a "crime of violence" under § 924(c). We conclude that there was no reversible error, and therefore affirm.

I.

On December 7, 2016, a man wielding a gun robbed a Casey's General Store in Yankton, South Dakota. The store's surveillance video captured the incident. The man was wearing a black ski mask and sunglasses, so his face was hidden. The robber also donned a black jacket with red and white trim, a red hooded sweatshirt, red shoes with one white shoelace and one red shoelace, and latex gloves.

A police officer from Wagner, South Dakota, saw an image of the robber in an online news article. The officer recognized the robber's jacket as similar to one that Conner was wearing when he was arrested three weeks earlier and booked at the county jail. The Wagner officer informed the Yankton police of the possible identification, and the police started distributing photos of Conner to the public.

The day after the robbery, police received a tip that a man matching Conner's description had left a convenience store as a passenger in a red truck. The police located the truck parked behind a residence and discovered Conner walking on the sidewalk in front of the house. The residence belonged to an acquaintance of Conner. The homeowner consented to a search of his residence, and police found a black

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

jacket with red and white trim, a red hooded sweatshirt, a loaded gun, and latex gloves.

A grand jury charged Conner with Hobbs Act robbery, brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c), and unlawful possession of a firearm as a previously convicted felon. Conner moved to dismiss the § 924(c) count on the ground that Hobbs Act robbery is not a "crime of violence." The district court denied the motion.

Conner also moved *in limine* to exclude two videos of him at the county jail after his arrest on November 17, 2016. One video, designated as Exhibit 14, showed Conner in the lobby of the jail, handcuffed and taking a breath test. The other video, marked as Exhibit 8, showed Conner walking through an entryway with his hands behind his back; no handcuffs or other restraints were visible.

The government sought to offer these videos, as well as still photographs drawn from the videos, to show Conner "wearing a jacket and shoes that matched the jacket and shoes worn by the person that committed the robbery on December 7, 2016." The entryway video showed Conner, three weeks before the robbery, wearing a black jacket with red and white trim and red shoes with one white shoelace and one red shoelace. The surveillance video from Casey's showed the robber wearing a black jacket with red and white trim and red shoes with one white shoelace and one red shoelace.

Conner argued that the evidence should be excluded as improper character evidence under Federal Rule of Evidence 404(b) and as unfairly prejudicial under Rule 403. At a pretrial conference, the district court excluded the lobby video (Exhibit 14) but ruled admissible the entryway video (Exhibit 8) and the still photographs derived from the video, which were marked as Exhibits 9 through 13.

At trial, when the government sought to introduce Exhibits 8-13, the district court issued a limiting instruction to the jury:

> The following video recording and photographic evidence, in that you will see Mr. Conner during an interaction with the Wagner Police Department that took place in November of 2016. You may use this evidence to help you decide whether Mr. Conner is the person who committed the offense as alleged in the Indictment. You should not conclude that Mr. Conner is more or less likely to have committed the charged offenses in this case due to a prior interaction with the Wagner Police Department.

The jury ultimately convicted Conner on all three counts.

## II.

Conner argues on appeal that the district court abused its discretion by admitting the video and still photographs under Rule 404(b). Rule 404(b) allows a court to admit evidence of a crime, wrong, or other bad act for purposes other than proving that the defendant acted in accordance with bad character. In this instance, however, the district court did not admit evidence of a prior crime, wrong, or other bad act by Conner that is governed by Rule 404(b). Under Rule 404(b), we consider whether evidence of a prior bad act was "similar in kind" to the charged offense, *United States v. Smith*, 789 F.3d 923, 929 (8th Cir. 2015), but there was no basis for that analysis here, because the exhibits included no evidence that Conner committed any particular bad act. *See United States v. Williams*, 971 F.2d 157, 158 (8th Cir. 1992). Rather, the court allowed evidence that Conner was seen on video wearing certain clothing three weeks before the robbery.

The video evidence was relevant to show that Conner donned a jacket and shoes on November 17 that matched the jacket and shoes worn by the robber on

December 7. The evidence thus tended to make it more probable that Conner committed the robbery than if there was no evidence that he had previously worn the attire. Under these circumstances, the exhibits were properly admitted as relevant non-character evidence under Rules 401 and 402. *Cf. Manatt v. Union Pac. R.R. Co.*, 122 F.3d 514, 517 (8th Cir. 1997).

The district court explained that Exhibits 8-13 were "relevant on the issue of identity, and the clothing and apparel go directly to the issue of identity." We agree that the evidence was relevant to whether Conner was the Casey's robber. But while "identity" is one of the permissible purposes for which evidence of prior bad acts may be admitted under Rule 404(b)(2), Conner's attire is not the sort of "identity" evidence contemplated by that rule. Rule 404(b) provides for the receipt of evidence of a defendant's prior crimes to prove "identity" in a situation "where the pattern and characteristics of the crimes are so unusual and distinctive as to be like a signature." *United States v. Lewis*, 483 F.3d 871, 875 (8th Cir. 2007) (internal quotation and brackets omitted). The evidence of Conner's attire on November 17 was not evidence of a prior crime or wrong offered to show that he committed a "signature" crime on December 7. It was simply relevant circumstantial evidence that he committed the robbery because he was known to wear clothing like that worn by the robber.

Conner also asserts that the evidence should have been excluded under Rule 403, but the district court reasonably concluded that the probative value of Exhibits 8-13 was not substantially outweighed by the danger of unfair prejudice. Conner argues that the images of him walking through an entryway with his hands behind his back encouraged the jury to believe he was guilty because of a previous interaction with police. An officer from the Wagner Police Department, however, already had testified without objection that she recognized the robber's jacket as similar to the one Conner had been wearing during "contact" with him when he "was arrested." The district court's limiting instruction acknowledged what the jury already knew from the officer's testimony—namely, that Conner had a previous "interaction" with the

Wagner Police Department. The limiting instruction was properly designed to avoid any unfair prejudice from this evidence, telling jurors that they should not conclude that Conner was more likely to have committed the charged offenses due to his previous interaction with the police. *See United States v. Franklin*, 250 F.3d 653, 659 (8th Cir. 2001). We thus conclude that there was no abuse of discretion in admitting the evidence.

On Conner's second contention, he concedes that circuit precedent holds that Hobbs Act robbery is a "crime of violence" for purposes of § 924(c). *See Diaz v. United States*, 863 F.3d 781, 783-84 (8th Cir. 2017). The district court thus did not err in denying Conner's motion to dismiss the charge of brandishing a firearm during and in relation to a crime of violence.

\* \* \*

The judgment of the district court is affirmed.

_____